**SEALED BY THE ORDER OF THE COURT**

# UNITED STATES DISTRICT COURT
для
### District of Hawaii

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. |
| ENRIQUE GONZALEZ JACOBO, ) | MAG. NO. 24-752-WRP |
| ) | |
| ) | |
| Defendant(s) ) | FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1) |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Jul 11, 2024
Lucy H. Carrillo, Clerk of Court

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **July 2, 2024** in the county of **Hawaii** in the **--** District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) | Attempted Possession with intent to distribute 500 grams or more of methamphetamine |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

HSI Special Agent Ryan Faulkner
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: July 11, 2024

City and state: Honolulu, Hawaii

_____
Kevin S.C. Chang
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAG. NO. 24-752-WRP |
| | ) |
| Plaintiff, | ) AFFIDAVIT IN SUPPORT OF |
| | ) CRIMINAL COMPLAINT |
| v. | ) |
| | ) |
| ENRIQUE GONZALEZ JACOBO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ryan Faulkner, being first duly sworn telephonically, depose and state as follows:

## BACKGROUND

1. I am a "law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations, and make arrests.

2. I am currently employed as a Special Agent of U.S. Immigration and Customs Enforcement, Homeland Security Investigations ("HSI") and have been so employed for approximately 17 years. As part of my employment with HSI, I attended approximately five and a half months of comprehensive law enforcement and investigative training at the Federal Law Enforcement Training Center

("FLETC"). The training successfully completed at the FLETC included, but was not limited to, general investigative techniques, criminal law, immigration law, handling of evidence, narcotics detection and identification, and trends in smuggling of contraband, among other topics.

3. I was also employed as a Police Officer with the Honolulu Police Department ("HPD") from October 1997 through February 2007 and received approximately six months of comprehensive training in general matters pertaining to law enforcement in the State of Hawaii. As a part of my employment with the HPD, I held various investigative assignments with the Narcotics/Vice Division, Crime Reduction Unit, Criminal Investigations Division, and Criminal Intelligence Unit. As part of these assignments, I obtained specific training in the recognition of various types of narcotics, and the various methods of narcotics distribution as well as different methods used to smuggle narcotics and related proceeds of narcotics trafficking without detection.

4. As an HSI Special Agent, one of my duties and responsibilities include but are not limited to the investigation of possible criminal violations of narcotics trafficking (Title 21, United States Code, Section 841 et. seq.), the Money Laundering Control Act (Title 18, United States Code, Section 1956 et. seq.), and firearms offenses (Title 18, United States Code Section 922 et. seq.). As a former Officer with the HPD and current Special Agent, I have conducted and assisted in

2

more than 400 investigations involving narcotics trafficking and firearms crimes specified above.

5. I submit this affidavit in support of a Criminal Complaint for ENRIQUE GONZALEZ JACOBO ("GONZALEZ JACOBO"), charging one count of attempted possession with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846. This affidavit is based upon my personal knowledge, my review of reports by other law enforcement officers, my communications with other law enforcement officers, information obtained from witnesses, and other evidence. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I or the government have learned during the course of the investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

## **PROBABLE CAUSE**

6. On July 2, 2024, federal law enforcement executed a federal search warrant on a United States Postal Service ("USPS") Priority Mail Parcel ("SUBJECT PARCEL"), which was addressed to the defendant's known residence in Hilo, Hawaii. The SUBJECT PARCEL contained approximately 2,600 grams of

a substance that field tested positive for methamphetamine. The substance was contained within a stuffed animal.

7. On July 2, 2024, law enforcement, pursuant to a state search warrant, replaced the methamphetamine in the SUBJECT PARCEL with pseudo-methamphetamine, added fluorescent detection powder to the stuffed animal containing the pseudo-methamphetamine, added a beeper-tracker device (which alerts law enforcement to the location of the parcel and when the parcel is opened), repackaged the SUBJECT PARCEL, and then delivered the SUBJECT PARCEL to GONZALEZ JACOBO's residence in Hilo, Hawaii. Law enforcement also obtained a separate federal search warrant authorizing a search of GONZALEZ JACOBO's residence.

8. Shortly after law enforcement delivered the SUBJECT PARCEL to GONZALEZ JACOBO's residence, law enforcement saw GONZALEZ JACOBO exit the residence, retrieve the SUBJECT PARCEL from the front porch area, and re-enter the residence carrying the SUBJECT PARCEL.

9. Shortly thereafter, law enforcement received an alert through the beeper-tracker device indicating the SUBJECT PARCEL had been opened. Law enforcement approached the residence, announced their presence, and that they had a warrant. GONZALEZ JACOBO then fled from the residence and into nearby bushes. GONZALEZ JACOBO was immediately taken into custody. While

retracing GONZALEZ JACOBO's path of travel back to the residence, law enforcement discovered the SUBJECT PARCEL in a black garbage bag. The SUBJECT PARCEL had been opened and the pseudo-methamphetamine was no longer in the parcel. Law enforcement located a second bag containing the pseudo-methamphetamine approximately ten feet from where GONZALEZ JACOBO was taken into custody. When taken into custody, GONAZALES JACOBO was wearing gloves which, when viewed under a fluorescent light source, emitted a glow indicating the presence of a fluorescent detection powder consistent with the one law enforcement applied to the stuffed animal containing the pseudo-methamphetamine.

10. On July 3, 2024, law enforcement interviewed GONZALEZ JACOBO. GONZALEZ JACOBO admitted that he was in the business of purchasing methamphetamine from a supplier on the mainland and selling that methamphetamine to others on the Island of Hawaii for profit. GONZALEZ JACOBO also admitted that he was anticipating delivery of the SUBJECT PARCEL, which he believed would contain approximately five pounds of methamphetamine, and that he had opened the SUBJECT PARCEL, removed the pseudo-methamphetamine, determined there was something wrong, and planned to burn it.

## CONCLUSION

11. Based on the facts described above, and on my training and experience, I submit that there is probable cause that GONZALEZ JACOBO violated Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

Ryan K. Faulkner
Special Agent
Homeland Security Investigations

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at 1:44 p.m. on July 11, 2024.

Sworn to under oath before me telephonically and attestation acknowledged pursuant to FRCP 4(d) and 4.1(b).




Kevin S.C. Chang
United States Magistrate Judge

6